In re PUTNAM COUNTY CANNING CO., Debtor.

Edward F. ZOLTANSKI, Trustee, Plaintiff,

v.

Alan C. HENDERSON, et al., Defendants.

Bankruptcy No. 81–0135.
Related Case: 81–00068.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 25, 1983.

Edward F. Zoltanski, Toledo, Ohio, for plaintiff.

William B. Balyeat, Columbus Grove, Ohio, for defendants.

## ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion for Summary Judgment filed by the Trustee-Plaintiff. The Complaint in this case seeks to sell property of the Debtor free and clear of the Defendants' liens. The Defendants have asserted a "counter-claim" (entitled as a cross-claim on the pleadings) against the Trustee which asks that the property be sold and that the proceeds of the sale be marshalled according to the priority in which their liens apply. Subsequent to the Defendants' Answer, the Trustee asserted a second cause of action against the Defendants which seeks to avoid the Defendants' liens as they apply to the proceeds.

## FACTS

The Debtor was engaged in a canning business until approximately August 1, 1980. According to the Affidavit of the Debtor's president, the corporation ceased doing business on or about that date. He stated that as of that date the corporation was insolvent and was unable to meet its obligations as they became due. The record shows that between August 11, 1980, and March 30, 1981, a number of liens against the Debtor's property were filed by the Defendants. These liens were recorded as follows:

| Date Perfected | Creditor |
| --- | --- |
| 8/11/80 | Ohio Bureau of Employment Services |
| 9/9/80 | Ray Taylor Farms |
| 9/23/80 | Kenton Landmark |
| 10/6/80 | Putnam County Auditor |
| 10/14/80 | Thornhill Summer Plant Co. |
| 10/17/80 | Alan C. Henderson |
| 10/19/80 | Alan C. Henderson |
| 12/2/80 | Ohio Bureau of Employment Services |
| 12/12/80 | Ohio Bureau of Worker's Compensation |
| 12/18/80 | Kenton Landmark |
| 1/28/81 | Ohio Bureau of Employment Services |
| 3/6/81 | Kinder-Smith Co. |
| 3/30/81 | Ohio Dusting |

On January 16, 1981, the Debtor filed its voluntary bankruptcy petition. On December 2, 1981, December 21, 1981, and April 14, 1982, this Court entered orders which permitted the sale of the property in question. The proceeds of the sale have been sequestered pending the outcome of this case. Presently, the Court has before it the Trustee's Motion for Summary Judgment on the issue of whether or not the Defendants' liens may be avoided.

A review of the record, as it currently stands, finds that there are several procedural defects in the pleadings. However, in an effort to reach the merits of the Motion

for Summary Judgment, and since no prejudice to the rights of any party will result, this Court will overlook these errors.

### LAW

The Trustee has applied to have the Defendant's liens avoided pursuant to "11 U.S.C. §§ 544 thru 548 inclusive." He has not specified which section he intends to assert against any particular lien. Consequently, the Court must review each section and determine if any lien is subject to avoidance.

The provisions of 11 U.S.C. § 544(b) states that:

"(B) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(c) of this title."

This Section confers upon the Trustee the authority to avoid transfers of the Debtor's property if the transfer is voidable pursuant to non-bankruptcy law.

In Ohio, it is well settled that the assets of an insolvent corporation are held in constructive trust for the corporation's creditors. These assets cannot be distributed by the officers of the corporation to satisfy any particular creditor. Such a transfer would constitute a preference under Ohio law and would be avoidable by another creditor. *United States v. Adams Bldg. Co.*, 531 F.2d 342 (6th Cir.1976).

The Trustee has argued that the policy which prevents a debtor from creating a preference under Ohio law should also be applicable to creditors of the insolvent corporation. Under this application, a creditor would be prevented from obtaining a superior position in relation to other creditors once a corporation has become insolvent. However, a review of Ohio law finds that the property of an insolvent corporation is subject to attachment and execution, provided a receiver has not been appointed. 12 Ohio Jur.3d *Business Relationships* § 811. While the constructive trust prevents the officers of the corporation from preferring one creditor over another, it does not preclude creditors from enforcing their rights against the debtor's property. Therefore, a creditor would not have a cause of action under state law to avoid liens which attach to the property of a corporation during the corporation's insolvency. Without such cause, the Trustee cannot invoke the authority of 11 U.S.C. § 544(b).

The provisions of 11 U.S.C. § 545 state in pertinent part:

"The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(1) first becomes effective against the debtor—

(D) when the debtor becomes insolvent; [or]

(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists . . ."

This section empowers a trustee to avoid liens that arise from the operation of a statute, provided the liens came into being automatically upon the debtor's insolvency or were unperfected on the date the petition was filed.

A review of the statutes which permit the Ohio Bureau of Employment Services, the Ohio Bureau of Worker's Compensation, and the Putnam County Auditor to file liens (Ohio Revised Code §§ 4141.23, 4123.-76, and 5719.04 respectively) finds that these liens are available to the taxing agency as a result of non-payment of taxes. There are no provisions regarding the insolvency of the taxpayer. The record also reflects that the taxing authorities had properly recorded their liens prior to the date of the Debtor's petition. Consequently, the tax liens did not arise under circumstances which would allow the Trustee to apply the avoiding power of 11 U.S.C. § 545.

Under the provisions of 11 U.S.C. § 547(b), the Trustee may avoid a transfer of the Debtor's property that was made:

"(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

In the present case, it appears as though this section would be applicable to some of the Defendants' liens. However, the record reflects that only two of the elements of 11 U.S.C. § 547(b) have been shown. The Trustee has demonstrated that some of the liens were perfected within the preference period and that the Debtor was insolvent at the time the transfers were made. There has been no showing that: 1) the entities listed are, in fact, creditors; 2) the debts are antecedent in nature; or 3) these liens enable the "creditors" to receive a greater percentage of their claim than if the case had been fully administered. Without proof of these elements the Trustee cannot prevail under 11 U.S.C. § 547(b).

The final section asserted by the Trustee is 11 U.S.C. § 548 which states in pertinent part:

"(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . ."

However, these provisions deal exclusively with transfers made and obligations in-curred by a debtor. *4 Collier on Bankruptcy* 15th ed. § 548.03. In the present case, the transfers occurred upon the creditors' initiative. Even if 11 U.S.C. § 548(a)(2) were interpreted to apply to creditor initiated transfers, there has been no showing that the Debtor did not receive a reasonable equivalent in exchange for the perfection. Therefore, the avoiding provisions of this section are not available in this case.

## CONCLUSION

From the foregoing analysis, it must be concluded that the Trustee has not proven that he is authorized to avoid any of the liens held by the Defendants. Without proof of every element of a section which authorizes avoidance, this Court cannot conclude that there are no material questions of law or fact which require further consideration.

In reaching this conclusion this Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion for Summary Judgment be, and it is hereby, DENIED.