**In re Conchita WHISENTON, Debtor.**

**Bankruptcy No. 84–00041.**

United States Bankruptcy Court,
District of Columbia.

June 18, 1984.

Francis B. Stevens, Washington, D.C., for debtor.

John Morrison, Washington, D.C., for HUD Federal Credit Union.

ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

▮ Upon consideration of the debtor's motion to avoid preferential transfer, and of the record of this case, the Court finds and concludes as follows:

1. Pursuant to a voluntary agreement for wage allotment between the debtor and the creditor HUD Federal Credit Union ("the Credit Union"), the debtor's employer

transferred to the Credit Union the sum of $25.00 per month during the period from October 29, 1983 through March 14, 1984.

2. The debtor filed her Chapter 7 bankruptcy petition on January 27, 1984.

3. Subsection 522(h) limits the debtor's right of avoidance "to the extent that the debtor could have exempted such property under subsection (g)(1)" of § 522 of the Bankruptcy Code. That subsection in turn provides that the debtor may exempt property recovered by the trustee only if the transfer of that property "was not a voluntary transfer of such property by the debtor..." 11 U.S.C. § 522(g)(1)(A). In this case the pre-petition transfers were all voluntary; hence they could not be exempted; and therefore they cannot be avoided by the debtor.

4. In view of the automatic stay (11 U.S.C. § 362), the filing of the petition may be regarded as terminating the voluntary nature of wage allotment payroll deductions. Therefore, as to the post-petition payroll deductions, the debtor has met the requirement of involuntariness. However, post-petition earnings of the debtor in a Chapter 7 case, unlike a Chapter 13 case, are not property of the estate. *Compare* 11 U.S.C. §§ 541 and 1306. *And compare In re Shepherd,* 12 B.R. 151, 7 B.C.D. 956 (D.C.E.D.Pa.1981), discussing the differences between Chapter 7 and 13 and holding that post-petition payroll deductions paid to a credit union may be avoided and exempted by a Chapter 13 debtor because the debtor's post-petition earnings are property of the Chapter 13 estate. In this Chapter 7 case, the post-petition earnings are not property of the estate; therefore the transfers from those earnings to the credit union are not "avoidable by the trustee," as the explicit language of § 522(h) requires them to be before they can be avoided by the debtor; and hence the debtor cannot avoid those transfers.

NOW THEREFORE IT IS ORDERED, on June 18, 1984, that the motion to avoid preferential transfer is denied in its entirety, both as to pre-petition amounts, because they were voluntary, and as to post-petition amounts, because they were not property of the estate. This Order is of course without prejudice to whatever rights the debtor may have to assert a claim against the credit union for violation of the automatic stay.