**In re Robert E. DE LEONARD, Alleged Debtor.**

**Bankruptcy No. 82–01290K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 11, 1984.

David S. Fishbone, Andrew L. Miller, Philadelphia, Pa., for alleged debtor.

Lawrence J. Lichtenstein, Patrick W. Kittredge, Douglas Evan Ress, Philadelphia, Pa., for Scott Paper Co.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether we should grant a creditor's motion for summary judgment in a proceeding to determine whether an involuntary petition should be dismissed. Because we conclude that there are material issues of fact regarding the existence of the prerequisites for dismissal, we will deny the motion.

The facts of the case, in light of the standard for granting summary judgment, are as follows:[1] In 1982, Scott Paper Company ("the creditor") filed an involuntary petition under Chapter 7 of the Bankruptcy Code ("the Code") against Robert E. De Leonard ("the alleged debtor"). Following the filing of the petition, the alleged debtor satisfied a number of pre-petition debts which, he later testified, were paid from post petition earnings.

The alleged debtor filed a motion to dismiss, claiming damages in excess of one million dollars. The alleged debtor opposed the petition on the basis, *inter alia,* that he had nineteen (19) creditors, requiring that at least three (3) creditors join in any involuntary petition. Shortly thereafter, an order dismissing the petition was entered by consent of the parties, and was later vacated. Following discovery, the creditor moved for summary judgment pursuant to Fed.R.Civ.P. 56 which is incorporated in this proceeding through Bankruptcy Rule 7056.

The granting of summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions and affidavits indicate that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). On a motion for summary judgment, it is the function of the court to determine whether a triable issue exists, rather than to resolve the issue. *Lockhart v. Hoenstine,* 411

---

1. In considering a motion for summary judgment, the court must resolve any doubt as to the existence of genuine issues of fact against the moving party. *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402 (3d Cir.1981).

F.2d 455 (3d Cir.1969), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969).

Section 303(b) of the Code, which governs the commencement of an involuntary case, provides in pertinent part:

(b) An involuntary case is commenced by filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims...

11 U.S.C. § 303(b).

■ As we indicated above, the alleged debtor asserts, *inter alia,* that, because he had nineteen (19) creditors, the sole peti-

tioning creditor was not qualified to file the petition alone. The creditor argues that some of the creditors listed by the alleged debtor must be excluded from the computation, thereby reducing the total number to below twelve (12). Since we conclude that material issues of fact exist which impact on a calculation of the number of creditors, we need not reach either the alleged debtor's other bases of opposition to the petition, or his damage claim.[2]

The creditor seeks to exclude some of the listed creditors on the basis, *inter alia,*[3] that they received voidable post-petition transfers. Section 303(b)(2) of the Code excludes as a qualifying creditor any holder of a claim who received a transfer voidable under § 549.[4] In an involuntary case, a post petition transfer of property of the estate in satisfaction of a pre-petition debt may be avoided. 11 U.S.C. § 549(b).

■ As we stated above, subsequent to the filing of the petition, the alleged debtor satisfied a number of pre-petition debts. At his deposition, the alleged debtor testified that the payments were derived from post petition earnings. Since section 541(a)(6) of the Code excludes an individual debtor's post-petition earnings from the definition of property of the estate, a trans-

**2.** § 303(i) of the Code provides that, *if* a petition is dismissed other than on consent of all petitioners and the debtor, the court may grant judgment for the debtor for costs, counsel fees and damages. 11 U.S.C. § 303(i). Accordingly, any consideration of damages would be premature prior to a determination of whether the petition should be dismissed.

**3.** We reject the creditor's contention that the holders of small and recurring claims must necessarily be excluded from the number of creditors. *Jefferson Trust & Savings Bank of Peoria (In re Rassi),* 701 F.2d 627 (7th Cir.1983); *In re Hoover,* 32 B.R. 842 (Bankr.W.D.Okla.1983); *In re Skye Marketing Corp.,* 11 B.R. 891 (Bankr.E. D.N.Y.1981).
Because a resolution of the issue of the post petition transfers is determinative of the status of ten (10) of the nineteen (19) listed creditors, and the creditor has conceded the legitimacy of four (4) other creditors, we need not address the creditor's challenges to the balance of the listed creditors.

**4.** Section 549 of the Code, which governs the avoidance of post-petition transactions, provides in pertinent part:

(a) Except as provided in subsection (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) that occurs after the commencement of the case; and
(2)(A) that is authorized under section 303(f) of § 542(c) of this title; or
(B) that is not authorized under this title or by the court.
(b) In an involuntary case, a transfer that occurs after the commencement of such case but before the order for relief is valid against the trustee to the extent of any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.
11 U.S.C. § 549

fer of such funds is not subject to the § 549 avoidance provision.

A material issue of fact, therefore, has been raised regarding the source of the payments which, in turn, governs the computation of the number of creditors. Accordingly, we will deny the creditor's motion for summary judgment. We will also deny the alleged debtor's motion to dismiss, and direct him to file an answer to the involuntary petition. The matter will be listed for trial.