### In re J.L. LAVENDER and Mary L. Lavender, Debtors.

### No. TX82–037M.

United States Bankruptcy Court,
E.D. Arkansas,
Texarkana Division.

Dec. 17, 1984.

Charles L. Honey, Prescott, Ark., for debtors.

## ORDER DENYING APPLICATION FOR COMPENSATION AND ORDERING REIMBURSEMENT

JAMES G. MIXON, Bankruptcy Judge.

COMES ON for consideration the application for payment of attorneys' fees filed by G. Keith Griffith on behalf of the Wood Law Firm pursuant to proper notice. One objection was filed by National Surety Corporation, a creditor. Evidence was taken on June 29, 1984 by this Court.

The Court has reviewed the evidence presented in support of the application and all files maintained by the Clerk's office in connection with this case. This case was filed October 6, 1982 under the provisions of Title 11 of the *United States Code.* As of this date, no plan of reorganization has been confirmed. Assets were listed in the schedules of $2,234,231.37 and liabilities of $1,543,595.88. Creditor action to collect debts was automatically stayed on October 6, 1982 by the provisions of 11 U.S.C. § 362 while the debtor continued to operate.

The Bankruptcy Court entered its Order on November 11, 1982 authorizing the debtor to employ Mr. Charles Honey of Prescott, Arkansas and Mr. Art Stuenkel and Mr. Fredrick Wetzel of the Wood Law Firm of North Little Rock, Arkansas to represent the debtor-in-possession.

The present application for compensation was filed on May 11, 1984 pursuant to Rule 2016 of the *Rules of Bankruptcy Procedure* and requested total compensation of $23,951.00 for work done between the dates of October 1, 1982 and November 16, 1983. It recited that compensation had previously been paid in the sum of $16,022.33 from the debtor-in-possession. The application failed to mention, however, that all payments received from the debtor-in-possession were made post-petition without notice and without prior approval of the Bankruptcy Court as required by 11 U.S.C. § 330, 11 U.S.C. § 331, and Bankruptcy Rule 2016.

The operating reports required by 11 U.S.C. § 704 were sporadically filed and indicate, among other things, the following:

1. 10-8-82 to 10-31-82, Payroll-Officers, $1,619.40;

2. 11-1-82 to 11-30-82, Payroll-Officers, $3,400.00;

3. 12-1-82 to 12-31-82, Payroll-Officers, $3,200.00, Legal Expenses $3,000.00;

4. 1-1-83 to 1-31-83, Payroll-Officers, $2,650.00, Legal Expenses $4,477.33;

5. 2-1-83 to 2-28-83, Payroll-Officers, $1,400.00;

6. 3-1-83 to 3-31-83, No report;

7. 4-1-83 to 4-30-83, No report;

8. 5-1-83 to 5-31-83, No report;

9. 6–1–83 to 6–30–83, Payroll-Officers, $5,363.00;

10. 7–1–83 to 7–31–83, Payroll-Officers, $4,343.20;

11. 8–8–83 to 8–31–83, Payroll-Officers, $5,357.75;

12. 9–1–83 to 9–30–83, Payroll-Officers, $3,464.60.

The debtor-in-possession ceased making reports subsequent to the September 1983 report and was as of the date of the first hearing on this application nine months delinquent.

According to the reports filed, "officers" of the debtor-in-possession drew out $30,798.85, and legal fees of $7,477.33 were paid. The designation "Officers of the debtor" is difficult to comprehend, since the debtors in this case are individuals who are husband and wife and who operate a construction business. Furthermore, the veracity of these reports is placed in doubt when one compares the operating reports to the itemization attached to the attorneys' fee application. This application shows the following payments by the debtor-in-possession to the Wood Law Firm:

| Date | Amount |
|------|--------|
| 10–18–82 | $1,500.00 |
| 12–23–82 | $1,500.00 |
| 1–26–83 | $1,477.33 & $3,000.00 |
| 4–22–83 | $1,500.00 |
| 5–04–83 | $2,045.00 |
| 6–23–83 | $2,000.00 |
| 8–08–83 | $3,000.00 |

The operating report for October 1982 does not reflect the $1,500.00 payment; the December 1982 report, on the other hand, shows $3,000.00 paid, whereas, the Wood Law Firm reports receiving only $1,500.00 in December 1982. The June 1973 payment of $2,000.00 as shown on the itemization is not reported on the June 1983 operating statement nor is the August 1983 payment of $3,000.00 shown on the August 1983 operating report.

Mr. Wetzel and Mr. Stuenkel filed a disclosure of fees as required by Rule 2016(b) and assured the Court that the source of the compensation "is on a monthly billing basis and upon application to the Court for payment of fees as an Administrative Expense of the estate."

Mr. Stuenkel further testified at the hearing that he knew that he was not authorized to receive an attorney's fee except as authorized by the Bankruptcy Court, but that he thought he had applied and obtained the necessary approval.

The law regarding compensation is clear and unambiguous. 11 U.S.C. § 330 provides as follows:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to section 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

.　　.　　.　　.　　.

11 U.S.C. § 331 provides as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and dis-

burse to such applicant such compensation or reimbursement.

Bankruptcy Rule 2016 provides as follows:

(a) *Application for Compensation or Reimbursement.* A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other person.

(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file with the court on or before the first date set for the meeting of creditors, or at another time as the court may direct, the statement required by § 329 of the Code which shall also set forth whether the attorney has shared or agreed to share the compensation with any other person. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required.

Notwithstanding these provisions the debtor-in-possession made these several unauthorized payments to its attorneys postpetition, without notice to anyone.

A debtor-in-possession in a Chapter 11 has the same fiduciary duties as a trustee appointed by the Court. *See*, 11 U.S.C. § 1107. A debtor-in-possession occupies the position of a fiduciary. *Matter of Kahl Iron Foundry, Inc.*, 21 B.R. 372 (Bkrtcy.1982); *In re UNR Industries, Inc.*, 30 B.R. 609 (Bkrtcy.1983); *In Re Modern Office Supply, Inc.*, 28 B.R. 943 (Bkrtcy. 1983). As was stated in *In Re Ford*, 36 B.R. 501 (Bkrtcy.1983):

However, the order for relief in a Chapter 11 proceeding does not permit a debtor to continue business free of creditors' legal rights in the assets nor can the debtor unilaterally ignore responsibilities imposed on him by the Code.

It seems clear from the evidence that the debtor-in-possession acted in response to its attorneys' instructions to make the unauthorized payments. Unauthorized post-petition transfers of estate assets may constitute grounds for the appointment of a trustee. *In Re Main Line Motors, Inc.*, 9 B.R. 782 (Bkrtcy.1982). Such payments are recoverable by the estate under 11 U.S.C. § 549.

Here the debtor-in-possession breached its fiduciary duty and made unauthorized payments of estate monies to its attorneys at the attorneys' requests, and the attorneys knew better. Failure of the attorneys to comply with the various requirements concerning employment, disclosure of compensation, and receipt of fees have long been a basis in bankruptcy to impose a penalty for such misconduct by ordering the estate to be reimbursed for fees improperly received. *See, In Re Devers*, 33 B.R. 793 (D.C.1983); *In Re Futuronics Corp.*, 655 F.2d 463 (2d Cir.1981); *In Re*

*Arlans Department Store, Inc.*, 615 F.2d 925 (2d Cir.1979).

 Absent compliance with the Code or the Bankruptcy Rules, there is no right to compensation. 2 *Collier on Bankruptcy*, 15th Ed. § 330.03; *In Re Hawaii General Corp.*, 35 B.R. 789 (Bkrtcy.1983); *Hunter Savings Asso. v. Baggott Law Offices Co. L.P.A.* 34 B.R. 368 (D.C.1983).

 The Court is not unaware that there is precedent whereby the Court can relieve counsel from the harsh result brought on by their own failure to follow the requirements of the Code and the Rules regarding attorneys' fees. *See, In Re Putnam County Canning Co.*, 35 B.R. 482 (Bkrtcy. 1983); *In Re Impact Publications, Inc.*, 24 B.R. 980 (Bkrtcy.N.D.Texas, 1982); 2 *Collier on Bankruptcy*, 15th Ed. ¶ 330.03. Here, not only were the attorneys' fees not paid properly, operating reports were not timely filed and were of doubtful accuracy. Further, no plan of reorganization has been confirmed, even after two years. The only accomplishments as of the date of this hearing appear to be that several secured creditors have finally obtained Orders surrendering their collateral to them, the attorneys for the debtor-in-possession have been paid $16,022.33, and the debtors have drawn salaries as needed. The case has limped along from one month to the next and no substantial effort to formulate a plan to pay creditors is apparent from a review of the file. Meanwhile, creditors wait in vain for their share of the debtor's assets. With this background and under these circumstances, there is little to motivate the Court to lift from counsel the consequences of their improper actions, knowingly done.

An appropriate response, in the Court's view, to this serious breach of a fiduciary duty to creditors and to this Court is to deny all fees and expenses paid improperly, rather than deny the fee request in its entirety as originally stated by this Court at the hearing on this application.

IT IS THEREFORE ORDERED that the Wood Law Firm's application for compensation in the total sum of $23,951.00 is denied. Counsel is Ordered to reimburse the estate the sum of $16,022.33 within ten (10) days from the entry of this Order. Upon the repayment of said sum, the Wood Law Firm shall be authorized an attorneys' fee and reimbursement of expenses in the sum of $8,337.27.

IT IS SO ORDERED.