**In re Edward F. and Mary D. SAYEGH, Debtors.**

**Bankruptcy No. 84–03161–H3–5.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

July 1, 1986.

Janet B. Cammack, Bright and Cammack, Houston, Tex., for debtors.

Mark Browning, Sheinfeld, Maley & Kay, Houston, Tex., for Allied Jetero Bank, N.A., and Allied Bank North Belt.

Martin Nathan, Houston, Tex., for debtors' unsecured creditors committee.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

Came on for consideration the amended application for compensation filed by Janet B. Cammack, as attorney for the debtors; objections to said application filed by Allied Jetero Bank, N.A., Allied Bank North Belt, and the debtors' unsecured creditors committee; all parties being represented by their respective attorneys of record; and the Court having heard and considered evidence, argument, and memoranda of law submitted by said parties, finds, and adjudicates as follows, to-wit:

### I.

This Court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This proceeding is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (B).

### II.

■ The Court notes that an order of dismissal was entered in this case on October 11, 1985. However, after conferring with the judge presiding, this Court has ascertained that such order of dismissal was entered inadvertently and should not be considered as precluding the effects of this Order.

### III.

This voluntary Chapter 11 bankruptcy case was filed on behalf of the debtors by their former attorney, the applicant herein, on June 5, 1984, in an effort to avoid numerous foreclosure sales of the debtors' property. This case, which involves the individual debtors only, is directly related to seven other corporate Chapter 11 bankruptcies involving corporate entities owned by the debtors. The applicant herein has submitted a summary of her billings for attorney's fees and expenses, the amounts paid, and the balances due in each of the cases as follows, to-wit:

| NAME OF COMPANY | EXPENSES/FEES | AMOUNT PAID | AMOUNT OWED |
|---|---|---|---|
| Sayegh Investment Co., Inc. | $ 4,551.02 | $ 3,469.62 | $ 1,081.40 |
| Celebrity Dinner Playhouse, Inc. | 7,655.83 | 4,000.00 | 3,655.83 |
| Betty's Swiss Bakery, Inc. | 3,706.08 | 2,000.00 | 1,706.08 |
| Beef 'n Reef, Inc. | 2,856.43 | 2,000.00 | 856.43 |
| Sayegh Construction Co., Inc. | 4,525.33 | 3,926.01 | 599.32 |

| NAME OF COMPANY | EXPENSES/FEES | AMOUNT PAID | AMOUNT OWED |
|---|---|---|---|
| Maxie's Delicatessen, Inc. | $ 4,551.02 | $ 2,000.00 | $ 2,551.02 |
| Edward F. and Mary D. Sayegh | 37,149.16 | 14,000.00 | 23,149.16 |
| TOTALS | $64,994.87 | $31,395.63 | $33,599.24 |

To the understanding of this Court, the sums listed under the amounts paid column have all been received by the applicant herein post-petition without Court approval. To the further understanding of this Court, the seven corporate bankruptcies have all been converted to liquidation cases under Chapter 7 of the Bankruptcy Code. *However, the only matter being considered at this time is the request for compensation, as well as, the appropriateness of payments previously made to the applicant in the debtors' individual bankruptcy case.* As set forth hereinabove, the applicant has submitted total billings in the sum of $37,149.16, against which she credits the amount received post-petition in the sum of $14,000.00, indicating an amount due in the sum of $23,149.16.

### IV.

The applicant herein filed an application to employ herself as attorney on September 26, 1984, several months subsequent to the filing of the bankruptcy petition. No court order has ever been entered authorizing the applicant's employment as the attorney for the debtors. An amended application for employment authorization was subsequently filed at a time unknown to the Court, requesting that said employment be approved nunc pro tunc, June 5, 1984. The applicant herein withdrew from her representation as debtors' attorney, effective on or about March 4, 1985.

In addition to making a determination of the reasonableness of the fees charged by the applicant, there are three issues which must first be considered by the Court, to-wit: (1) What is the effect of the applicant's failure to obtain an order authorizing her employment as debtors' attorney? (2) Should this Court enter a nunc pro tunc order approving applicant's employment? and (3) Should the applicant be permitted to receive post-petition payments for attorney's fees and expenses without prior Court approval?

### V.

Issues (1) and (2), as noted in the paragraph immediately preceding, can be considered jointly. From the evidence presented at the hearing on the applicant's fee application, the Court detected no hint of any fraud, dishonesty, or overreaching on the part of the applicant. Likewise, there was no indication that the applicant or the debtor-in-possession breached any fiduciary duty as discussed in *In re Lavender*, 48 B.R. 393 (Bkrtcy.E.D.Ark.—1984). Indeed, the applicant provided essential services to the debtors, as well as, the seven related corporate entities on extremely short notice. Significantly, attorney Joe Hill, a Chapter 7 panel trustee with over ten years bankruptcy experience, testified that the services and the fees charged by the applicant appeared reasonable. There was no conclusive evidence to the contrary *other than the obvious fact that the debtors and their related corporate entities were unsuccessful in their reorganization efforts.* This latter fact has been carefully considered by the Court in the formulation of this Order.

To the applicant's credit, an application and amended application for employment authority were filed. No reason was presented to the Court why a hearing on these applications was not afforded. Regardless, this Order will summarily address and resolve this issue. Since there appears to be only inadvertence on the part of the applicant in failing to obtain an order approving her employment as debtors' attorney, consistent with the holding in *Matter*

*of Triangle Chemicals, Inc.,* 697 F.2d 1280, 8 C.B.C.2d 116 (5th Cir.1983), this Court approves the applicant's employment nunc pro tunc, June 5, 1984. See also, *Collier on Bankruptcy, Case Administration,* § 327.02.

## VI.

■ There is no legitimate excuse to justify the applicant's receipt of attorney's fees post-petition in the sum of $14,000.00, without Court approval. A "reflex" reaction to such conduct would indicate that the applicant should be directed to reimburse the bankrupt estate in full immediately. See *In re Lavender,* supra., and *In re Byman Furniture and Interiors, Inc.,* 14 B.R. 230 (Bkrtcy.S.D.Tex.—1981). However, this Court is of the opinion that the applicant should be compensated for her reasonable efforts on the debtors' behalf, especially in view of the fact that this Court has already announced its intention of approving the applicant's employment nunc pro tunc. To require the applicant to repay the estate and then to award the applicant a reasonable attorney's fee would amount to a somewhat pointless exercise. This Court is vested with the *equitable* authority to award attorney's fees and expenses reasonably earned or incurred, even though all the technical niceties have not been strictly observed. A contrary approach would net an egregious result under the circumstances of this case, i.e., the absence of dishonesty, overreaching, etc., by the applicant. Since this Court is of the opinion that the applicant has earned an attorney's fee, as set forth hereinbelow, exceeding the amount heretofore paid in the sum of $14,000.00, she will not be directed at this time to repay the estate.

## VII.

■ The final matter for consideration is the overall reasonableness of the applicant's request for attorney's fees and reimbursement of expenses. Having carefully reviewed the applicant's itemized statement and having likewise considered the objections thereto, on the basis of those factors cited in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) and *In re First Colonial Corp. of America,* 544 F.2d 1291, 11 C.B.C. 133 (5th Cir.1977), cert. denied, 431 U.S. 904 (1977), I find the applicant to be entitled to an attorney's fee in the debtors' individual bankruptcy case in the total sum of $22,500.00, including expenses. (It is noted that the applicant has indicated that certain minor charges should have been deducted from her billings.) Against the sum of $22,500.00, the amount previously paid in the sum of $14,000.00, should be credited or offset so that the amount due and owing to the applicant from the debtors' individual bankruptcy estate shall be the sum of $8,500.00. The Court hastens to add that a major factor taken into account in reducing the fee award to the applicant is the obvious failure of the debtors' reorganization.

An Order will be entered consistent with this Opinion.