**In the Matter of Bill K. HARGIS and
Marilyn E. Hargis, Debtors.**

**PALMER & PALMER, P.C., Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee.**

No. 89–1155.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1990.

P. Michael Jung, Royal H. Brin, Jr.,
Strasburger & Price, Jeffrey R. Fine, Dal-
las, Tex., for appellant.

William S. Parkinson, Dallas, Tex., for
appellee.

ON PETITION FOR REHEARING

Before CLARK, Chief Judge, GEE,
and SMITH, Circuit Judges.

GEE, Circuit Judge:

Today we grant the petition for rehear-
ing of the United States Trustee, clarify
our opinion of October 27, 1989 [1] and hold
as follows: 1) Palmer & Palmer is entitled
to a return of all fees for services rendered
in matters not associated with the bank-
ruptcy proceeding; 2) as to fees paid for
services rendered in connection with the
bankruptcy proceeding, Palmer & Palmer
may also be entitled to their return, subject
to a review by the bankruptcy court of
their reasonableness.

*Discussion*

As the United States Trustee points out,
11 U.S.C. Section 329 authorizes the bank-
ruptcy court to order an attorney to return
fees paid for services rendered in connec-
tion with a bankruptcy proceeding, if those
fees are determined by the court to be
excessive, regardless of their source. At

---

1. *Palmer & Palmer, P.C. v. United States Trustee,*    887 F.2d 77 (5th Cir.1989).

the time this case was filed, section 329 stated:

§ 329. Debtor's transactions with attorneys

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11 U.S.C. § 329 (1979).[2]

We therefore hold that as to those services rendered by Palmer & Palmer that were unrelated to the bankruptcy proceeding, section 329 does not apply, and Palmer & Palmer is entitled to be paid in full for such services. As to payment for services rendered by Palmer & Palmer in connection with the bankruptcy proceeding, section 329 does apply. That being so, Palmer & Palmer is entitled to be paid for

such services only to the extent that the bankruptcy court determines its fees to be reasonable.

We remand the case to the bankruptcy court for determinations of 1) the amount of fees owed Palmer & Palmer for services rendered on matters unrelated to the bankruptcy proceeding; 2) the amount of fees owed Palmer & Palmer for services rendered in connection with the bankruptcy proceeding; and 3) the reasonableness of the fees charged by Palmer & Palmer for services rendered in connection with the bankruptcy proceeding. And, we order that Palmer & Palmer be paid in accordance with those findings. It is so

ORDERED.

---

**2.** Section 329 was amended in 1984. It now reads "(a) ... for services rendered or to be rendered in contemplation of *or* in connection with the case by such attorney...." (emphasis added). There is no legislative history to explain why Congress changed "and" to "or." Common sense tells us that the change was made merely for clarification and not as a substantive revision. Treating them as alternative

qualifiers, we therefore conclude that Section 329 applies to "services rendered or to be rendered in contemplation of ... the case" as well as "to services rendered or to be rendered ... in connection with the case." That is, the services need not have been rendered both in contemplation of and in connection with the case in order for the former (or the present) Section 329 to apply.