In re Bill K. HARGIS and Marilyn E. Hargis, Debtors–In–Possession.

Bankruptcy No. 383–01539–HCA–11.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

April 25, 1991.

Philip I. Palmer, Jr., Palmer & Palmer, P.C., Dallas, TX.

H. Dewayne Hale, Hale, Spencer, Stanley, Pronske & Trust, P.C., Dallas, TX.

Bill Parkinson, U.S. Dept. of Justice, Office of the U.S. Trustee, Dallas, TX.

REVISED MEMORANDUM OPINION AND ORDER PERTAINING TO APPLICATION OF PALMER AND PALMER, P.C. TO HAVE FEES REVIEWED IN CONNECTION WITH BANKRUPTCY FOR REASONABLENESS

HAROLD C. ABRAMSON, Bankruptcy Judge.

## FACTUAL BACKGROUND

1. Palmer and Palmer, P.C. ("Applicant") has filed an application to have fees reviewed in connection with bankruptcy for reasonableness.

2. Applicant was engaged by Mr. and Mrs. Hargis in approximately April, 1981, and represented the Hargis' as to various matters prior to the filing of the Chapter 11 proceeding on November 18, 1983. After the filing of the petition, Applicant continued to represent the Hargis' in the Chapter 11 proceeding.

3. Applicant never filed an application to be engaged as counsel for the Debtor-in-Possession, nor received an order approving such.

4. Applicant has brought this matter on as the aftermath of an opinion and order of the United States Court of Appeals for the Fifth Circuit, *Palmer and Palmer, P.C. v. United States Trustee (In re Hargis)*, 895 F.2d 1025 (5th Cir.1990), which sets forth the procedural history, and the said Court remanded the case to this Court for determinations of:

1) the amount of fees owed Applicant for services rendered on matters unrelated to the bankruptcy proceeding;

2) the amount of fees owed Applicant for services rendered in connection with the bankruptcy proceeding; and

3) the reasonableness of the fees charged by Applicant for the services rendered in connection with the bankruptcy proceeding.

5. During the Applicant's representation of the Debtor in Chapter 11, the Applicant failed to disclose the compensation for prepetition and postpetition services received from Ms. Hargis following the death of her husband during the pendency of the Chapter 11 case.

6. Applicant was a creditor of this estate at the time it undertook the representation of the Debtor-in-Possession. Applicant, to date, has never sought approval from the Court for representation of the Debtors, nor was the Applicant's employment by the estate ever approved. No plan of reorganization was ever proposed and the case ended in dismissal.

7. In Paragraph 2 of Application to Have Fees In Connection with Bankruptcy Reviewed for Reasonableness, Applicant states:

When Mrs. Hargis collected $700,000 in insurance proceeds, she paid the total accrued bill of $54,987.82 which covered the $34,984.47 prepetition charges and $20,003.35 post-petition. In June of 1985, she paid another $1334.87 as current charges. These two payments make up the $56,322.09 placed into the registry of the court. As of the last charges for January of 1987, there was an additional $3,877.18 of charges which have not been paid.

Applicant seeks a finding by this Court that the allocation of the fees for prebankruptcy services performed and expenses incurred are $36,633.20 as to nonbankruptcy matters and $10,646.25 for bankruptcy services performed and expenses incurred on behalf of the estate following the filing of the Chapter 11 petition.

8. The U.S. Trustee controverts the position of Applicant for the reason that, among other things, the proposed allocation of services as to some of the prepetition non-bankruptcy services were in fact related to the bankruptcy representation.

9. The Court finds that the appropriate amount of fees to be allocated to prepetition services not related to bankruptcy total $24,821.68 and corresponding expenses are $5,162.79.

10. The Court finds that the appropriate amount to be allocated to prepetition services related to bankruptcy matters total $5,000.

11. The Court finds that the postpetition services incurred the sum of $18,122.90 and corresponding expenses are $1,334.87 which funds are in the registry of the Court plus $3,877.18 which have not yet been paid. The Court finds that any balances involved in the amount on deposit in the Registry of the Court involve interest received on the funds since the date of the payment into the Registry.

## CONCLUSIONS OF LAW

1. 11 U.S.C. Section 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) if such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) entity that made such a payment.

■ 2. It is axiomatic that any and all matters relating to the assets and liabilities of a debtor operating under Chapter 11 of the Bankruptcy Code are property of the estate. 11 U.S.C. § 541. Presumably such property is intrinsic to the debtor's goal of reorganization and inextricably interwoven with the creditor's rights in the debtor's bankruptcy case. As such, any acts undertaken by an attorney which enhance, preserve, litigate or discharge of liabilities or affect assets of the debtors are bankruptcy-related, including matters which may have been in issue prior to the filing of the petition.

■ 3. As this Court has previously observed, the Bankruptcy Code gives only the most general guidance as to standards to be applied in awarding attorney fees to counsel for a debtor. Bankruptcy Code § 330 limits an attorney to reasonable compensation for actual, necessary professional services. The award should be based upon the time, nature, extent and value of the services rendered to the estate and the costs of comparable services. *In re Property Company of America Joint Venture,* 110 B.R. 244, 250 (Bankr.N.D.Tex.1990).

4. The Supreme Court directs lower courts to make an initial estimate of reasonable attorney's fees by applying the prevailing hourly rates to the hours reasonably expended. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The Supreme Court further notes that courts may adjust the initial lodestar calculation by other factors such as those in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–19 (5th Cir. 1974), "but no one factor is a substitute for multiplying reasonable billing rates by a reasonable number of hours expended on the litigation." *Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989), on remand 893 F.2d 87.

■ 5. A debtor may not employ an attorney without the approval of the bankruptcy court. *Fanelli v. Hensley (In re Triangle Chemicals, Inc.),* 697 F.2d 1280 (5th Cir.1983).

[The rule requiring court approval of the attorney's employment only upon showing of no adverse interest and that the employment is in the best interest of the debtor's estate was adopted] to control the serious abuses and [is] to be strictly observed; without an order of the court upon full presentation of the relation of the proposed attorney with all other interests involved, not only may he not be retained, but he can recover nothing, no matter how beneficial or how arduous his services.

*In re Triangle Chemicals, Inc.*, 697 F.2d at 1285 (quoting Judge Learned Hand in *In re Eureka Upholstering Co.*, 48 F.2d 95 (2nd Cir.1931)). Such approval is required by 11 U.S.C. § 327 and 11 U.S.C. § 1107. If this approval is not received an attorney may not be compensated. The statute is applicable even if the compensation is not paid from the estate. 11 U.S.C. § 329. *In re Hargis*, 887 F.2d 77 (1989) clarified at 895 F.2d 1025 (5th Cir.1990).

> ... The services for which compensation is required must have been performed pursuant to an appropriate authority under the Code and in accordance with an order of the court.... [A]n attorney who acts for a trustee [or a debtor pursuant to Rule 1107] ... without approval by the court will be denied any compensation even though valuable services were rendered in good faith....

*In re Triangle Chemicals, Inc.*, 697 F.2d at 1285, accord, *In re Lavender*, 48 B.R. 393, 397 (Bankr.E.D.Ark.1984).

■ 6. The duty to disclose any compensation received by counsel is set forth in 11 U.S.C. § 329 and Bankruptcy Rule 2016(b). It is a breach of fiduciary duty not to disclose, and failure to disclose is grounds for denial of all compensation.

■ 7. Applicant, being a creditor of the estate, was not disinterested and held an adverse interest and was not eligible to be employed pursuant to 11 U.S.C. § 327(a). It has long been established that holding an adverse interest is a ground of denial of all compensation. *Pierson & Gaylen, Ray & Terrell & Grubbs, et al. v. Creel & Atwood (In re Consolidated Bancshares, Inc.)*, 785 F.2d 1249 (5th Cir. 1986) (citing *Woods v. City National Bank and Trust Co. of Chicago*, 312 U.S. 262, 268, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1940)), see also *Hunter Savings Assn. v. Baggott Law Offices Co., L.P.A.*, 750 F.2d 536 (6th Cir.1984).

■ 8. The Court in considering the facts and circumstances, and the history of this matter, and adhering to the directives of the 5th Circuit opinion concludes:

(1) The Applicant should be allowed prepetition compensation as to non-bankruptcy matters in the amount of $29,-821.68 and corresponding expenses are $5,162.79;

(2) The amount of bankruptcy related services in connection with the bankruptcy proceeding total $18,122.90 and corresponding expenses are $1,334.87 as well as $3,877.18;

(3) In view of the failure of applicant to seek or acquire qualification to be counsel for the Debtor–In–Possession, and due to the lack of disinterestedness of the Applicant, the postpetition fees are disallowed, and therefore, the issue of reasonableness of these fees is inapposite;

(4) Applicant should be awarded a pro rata percentage of all interest accrued on the funds in the Registry of the Court as to which Applicant is allowed compensation; and

(5) All sums not awarded herein shall be held by the Clerk pending a report by Mr. Palmer and Mr. Parkinson as to what entity would be entitled to those funds at this time. The Court will entertain motions as to the disbursement of those funds.

Mr. Parkinson is requested to prepare an appropriate order and submit to Mr. Palmer for approval as to form only.