In re Marilyn E. HARGIS, Debtor.

PALMER & PALMER, P.C., Appellant,

v.

UNITED STATES TRUSTEE, Appellee.

No. CA 3–91–1380–R.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 20, 1992.

---

Peter Michael Jung, Strasburger & Price, Dallas, Tex., for appellant.

William S. Parkinson, Office of the US Trustee, Dallas, Tex.

Allen Dwaine Boydstun, pro se.

Harlin Dewayne Hale, pro se.

## MEMORANDUM OPINION AND ORDER

BUCHMEYER, District Judge.

Appellant Palmer & Palmer, P.C. ("Appellant") are counsel for the Debtor in this chapter 11 bankruptcy case. Now before this Court is Appellant's Motion to Withdraw Reference of the remaining issue in the bankruptcy proceeding, or in the alternative to remand to a different bankruptcy judge. For the following reasons, this Court is of the opinion that Appellant's motions should be DENIED.

### Background

Because of the winding road that this case has traveled, a rather detailed discussion of the facts and the procedural history is warranted. This case arises out of the voluntary petition for relief under chapter 11 of the bankruptcy code filed by Bill K. and Marilyn E. Hargis (the "Debtor") on November 18, 1983 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "bankruptcy court"). That case was ultimately dismissed on March 2, 1987. The sole remaining issue in dispute is the award of professional fees to Appellant, who served as the Debtor's attorney.

In May 1987, the bankruptcy court ordered Appellant to disgorge FIFTY SIX THOUSAND THREE HUNDRED TWENTY TWO DOLLARS AND 69/100 ($56,322.69) in attorney's fees and expenses which it had received from the Debtor as payment for bankruptcy and nonbankruptcy related services. The bankruptcy court found that Appellant had violated certain bankruptcy code requirements regarding attorney representation of a debtor and therefore was not entitled to receive any compensation for bankruptcy related services. The bankruptcy court also imposed a TWENTY FIVE THOUSAND DOLLAR AND NO/100 ($25,000.00) sanction against Appellant.

Appellant, in accordance with the bankruptcy court's order, deposited the funds in the bankruptcy court registry. Appellant then appealed the bankruptcy court's ruling to the district court. The district court (Fish, J.) affirmed the disgorgement portion of the bankruptcy court's ruling, but reversed the sanction portion of the ruling. On further appeal to the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit"), the disgorgement order was reversed.[1] On rehearing, the Fifth Circuit further clarified its earlier opinion and remanded the case to the bankruptcy court for determination of three issues:

(1) The amount of fees owed Appellant for services rendered on matters unrelated to the bankruptcy court proceeding;

(2) the amount of fees owed Appellant for services rendered in connection with the bankruptcy proceeding; and

(3) the reasonableness of the fees charged by Appellant for services rendered in connection with the bankruptcy proceeding.[2]

Upon remand to the bankruptcy court, Appellant filed an application seeking to apportion the funds that it deposited in the bankruptcy court's registry. Appellant wanted to apportion FORTY THREE THOUSAND SEVEN HUNDRED NINETY FIVE DOLLARS AND 99/100 ($43,795.99) to nonbankruptcy matters and TWELVE THOUSAND FIVE HUNDRED TWENTY SIX DOLLARS AND 70/100 ($12,526.70) to bankruptcy matters. Appellant also sought to establish the reasonableness of the latter amount.

By its order of April 25, 1991, the bankruptcy court entered an award to Appellant

---

1. *In Re Hargis,* 887 F.2d 77 (5th Cir.1989).

2. *Matter of Hargis,* 895 F.2d 1025 (5th Cir.1990).

for certain pre-petition services, but denied the request for any bankruptcy related fees.[3] The bankruptcy court did not make a determination of reasonableness as to any bankruptcy related fees. The court instead disallowed all bankruptcy related fees based on Appellant's conduct during the underlying bankruptcy proceeding.[4] Because it disallowed all bankruptcy related fees, the bankruptcy court did not reach the issue of reasonableness of the bankruptcy related fees.

Appellant appealed the bankruptcy court's decision to this Court, and simultaneously petitioned the Fifth Circuit for an ancillary writ of Mandamus to cause the bankruptcy court to award reasonable attorney's fees for bankruptcy related services and to reassign the case to another bankruptcy judge.[5] The Fifth Circuit denied mandamus and declined to direct reassignment of the case.[6] The Fifth Circuit did, however, reiterate its holding in *Matter of Hargis* and expressly stated that *Hargis* established Appellant's right to have the reasonableness of bankruptcy related fees determined, and to be paid that amount determined to be reasonable.[7] Now before this Court is Appellant's Motion to Withdraw Reference or in the Alternative to Remand to a Different Bankruptcy Judge.

### Analysis

In accordance with the Fifth Circuit's opinion in *In Re Palmer & Palmer, P.C.,* Appellant is entitled: (1) To a determination of what portion, if any, of Appellant's bankruptcy related fees are reasonable; (2) to have that reasonable portion, if any, paid to Appellant out of funds previously deposited by Appellant in the bankruptcy court registry, including the allocable part of interest earned.[8] The question that this Court must answer is whether we will make the determination of fee reasonableness, or whether we will remand this issue to the bankruptcy court for determination.

Both parties agree that this reasonableness issue may be determined by either the bankruptcy court, pursuant to an order of remand under Bankr.R. 8013, or by this Court, pursuant to a withdrawal of reference under 28 U.S.C. § 157(d). This issue involves only a consideration of the bankruptcy laws of the United States. It does not involve other laws of the United States regulating organizations or activities that affect interstate commerce. Consequently, withdrawal of reference is not mandatory, but is within the discretion of this Court, if there is a showing of cause that would warrant it.[9] The resolution of the issue will be the same for either court.

Appellant argues that resolution of the issue by this Court presents the course of action that is most conducive to a swift and fair determination of the matter. The gravamen of Appellant's argument for withdrawal of reference is that the bankruptcy judge whose court this case has proceeded in thus far (the Honorable Harold C. Abramson) is unable to be fair and objective in resolving this issue. Appellant claims that Judge Abramson holds a fixed view that Appellant should be penalized for its conduct in this case, and is not deserving of the bankruptcy related fees it seeks. Appellant further argues that withdrawal is required to further judicial economy, primarily because this case is already in this Court on appeal, and remand would only further delay final resolution.

---

3. *In Re Hargis,* 148 B.R. 19 (Bankr.N.D.Texas 1991).

4. *Id.* The bankruptcy court held that Appellant failed to meet the requirements of 28 U.S.C. §§ 327 and 329 because it did not seek or acquire qualification to be counsel for the debtor, and because it failed to disclose to the court its compensation arrangements with the debtor. As a result, the bankruptcy court disallowed Appellant's bankruptcy related fees.

5. Appellant alleges that Judge Abramson, whose court this case originated in, is unable to adjudicate the remaining issue in a fair and objective manner as a result of his prior ruling.

6. *In Re Palmer & Palmer, P.C.,* No. 91–1649, slip op. (5th Cir. October 11, 1991).

7. *Id.* at 3.

8. *Id.*

9. 28 U.S.C. § 157(d).

Appellant's arguments are unpersuasive. This is obviously a "core" issue that is capable of resolution in the bankruptcy court. Appellant has offered no showing of cause that would warrant withdrawal of reference. Appellant's assertion that it cannot get a fair resolution in Judge Abramson's court is absolutely without merit. There is no indication in the record to support such a claim. This Court has complete faith in the ability of Judge Abramson to resolve this issue with complete objectivity, fairness, and impartiality.

Additionally, judicial economy will not be served by granting Appellant's motion. To the contrary, withdrawal of reference at this point would further delay final resolution of this case. Judge Abramson has reviewed the entire record of this case and is intimately familiar with the underlying facts, the parties, and the remaining issue. The bankruptcy court clearly has the resident expertise to resolve this issue in an efficient and timely manner. This Court finds that the issue of reasonableness of bankruptcy related fees should be remanded to Judge Abramson's court for resolution. Accordingly, pursuant to 28 U.C.C. § 157(d), Appellant's Motion to Withdraw Reference should be denied. For the same reasons set forth above, Appellant's Alternative Motion to Remand to a Different Bankruptcy Judge should also be denied.

### Conclusion

For the foregoing reasons, it is ORDERED:

(1) That Appellant's Motion to Withdraw Reference is DENIED;

(2) That Appellant's Alternative Motion to Remand to a Different Bankruptcy Judge is DENIED;

(3) That this case is REMANDED to the bankruptcy court of Judge Abramson for a determination of what portion of Appellant's fees for bankruptcy related services, if any, are reasonable, and to pay to Appellant that portion determined to be reasonable out of the funds previously deposited by Appellant in the bankruptcy court registry, including the allocable part of interest earned—in accordance with the Fifth Circuit's decision of *In Re Palmer & Palmer;* and

(4) That the appeal of this case is STAYED pending resolution of the issue of fee reasonableness by the bankruptcy court.

